IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ZORAIDA DE JESÚS RIVERA,** <br><br> Plaintiff, <br><br> v. <br><br> **THE NEW 5-7-9 AND BEYOND, INC., FULANOS DE TAL 1-100,** <br><br> Defendants. | Civil No. 21-1225 <br><br><br> **RE: PETITION FOR ORDER; DAMAGES** |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

COMES NOW defendant, **The New 5-7-9 and Beyond, Inc.** ("The New 5-7-9"), specially appearing and without submitting to the jurisdiction or venue of this Honorable Court nor waiving any other defense, through its undersigned attorneys, and hereby respectfully files the instant Notice of Removal on the following grounds:

### I. INTRODUCTION

On April 13, 2021, plaintiff, Zoraida De Jesús Rivera ("De Jesús"), filed a *Petition for Permanent Injunction Order* (the "Complaint") against The New 5-7-9, and other unknown defendants named "Fulanos de Tal 1-100," in the Puerto Rico Court of First Instance, San Juan Part, styled Zoraida De Jesús Rivera v. The New 5-7-9 and Beyond, Inc., Fulanos de Tal 1-100, Civil No. SJ2021CV02251 (the "State Court Action"). See, **Exhibit 1**.[1] On April 14, 2021, Mrs. De Jesús purportedly served The New 5-7-9 through its resident agent in Puerto Rico. See,

---

[1] On this same date, The New 5-7-9 will file a motion for leave to file the Complaint and the served Summons in the Spanish language and for an extension of time to file the certified English translations of such documents.

Case 3:21-cv-01225-JAG   Document 1   Filed 05/14/21   Page 2 of 7

Notice of Removal
Zoraida De Jesús Rivera v. The New 5-7-9 and Beyond, Inc., Fulanos de Tal 1-100
Civil No. 21-1225
Page 2 of 7

**Exhibit 2**.[2]  These documents (**Exhibits 1** and **2**) are all the judicial papers served to date on the appearing party in connection with the State Court Action.

Pursuant to Rule 10.1 of the Puerto Rico Rules of Civil Procedure, PR Laws Ann. Tit. 32 App. V, R. 10.1, The New 5-7-9 has thirty (30) days, until *May 14, 2021*, to answer or otherwise plead against the Complaint, or to remove the case to this Honorable Court pursuant to 28 U.S.C. §§ 1441 and 1446.

The Complaint is solely based on alleged violations of Title III of the American Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  See, **Exhibit 1** at pp. 1-2, ¶¶ 9-10, First Cause of Action (pp. 21-31), Second Cause of Action (pp. 31-35), and the prayer for relief (pp. 35-36).  More importantly, Mrs. De Jesús concedes that, if this case were to be removed to this Honorable Court, there is subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4).  Id. at ¶ 9.  Hence, per Mrs. De Jesús' own allegations, this Court has original jurisdiction over the allegations of the instant case as they arise from the laws of the United States.  In addition, pursuant to 28 U.S.C. § 1332(a), there is complete diversity jurisdiction between Mrs. De Jesús and The New 5-7-9, and the alleged damages claimed exceed the jurisdictional amount of $75,000.00.[3]

For these reasons, which are elaborated below, The New 5-7-9 timely and properly removes the State Court Action to this Honorable Court pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441, and 1446.

---

[2] Id.
[3] Pursuant to 28 U.S.C. 1441(b), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) […], the citizenship of defendants sued under fictitious names shall be disregarded." Therefore, unknown defendants named "Fulanos de Tal 1-100" are disregarded for purposes of the removal analysis.

Case 3:21-cv-01225-JAG   Document 1   Filed 05/14/21   Page 3 of 7

Notice of Removal
Zoraida De Jesús Rivera v. The New 5-7-9 and Beyond, Inc., Fulanos de Tal 1-100
Civil No. 21-1225
Page 3 of 7

## II.   LEGAL STANDARD

It is hornbook law that federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Betancourt-Colón v. Acoba Realty Dev., Inc., Civil No. 20-1424 (ADC), 2021 WL 377798 *1 (D.P.R. Feb. 1, 2021) (citing 28 U.S.C. § 1331).  This Court has explained that "[a] defendant may remove to a district court a civil action over which the district court would have had original jurisdiction." Id.  With respect to the removal process, "Section 1446 provides that a defendant must file a notice of removal 'together with a copy of all process, pleadings, and orders served upon such defendant ... in such action' within thirty days of receipt of the initial pleading." Id. (citing 28 U.S.C. § 1446(a)-(b)).  In addition, "[t]he defendant must then provide prompt notice to the plaintiff and the State court in order to 'effect the removal.'" Id. (citing 28 U.S.C. § 1446(d)).

## III.   BASIS FOR REMOVAL

### A.   This Court has Original Jurisdiction Pursuant to 28 U.S.C. § 1331.

As indicated, the Complaint is predicated on alleged violations of the American Disabilities Act, 42 U.S.C. §§ 12181, *et seq*. ("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  See, **Exhibit 1** at pp. 1-2, ¶¶ 9-10.  It asserts two (2) causes of action: (i) remedies under ADA, and (ii) remedies under the Regulation Act. Id. at First Cause of Action (pp. 21-31) and Second Cause of Action (pp. 31-35).  The reliefs requested are based on the ADA, the Rehabilitation Act, and other federal statutes. Id. at prayer for relief (pp. 35-36).

More fundamentally, Mrs. De Jesús acknowledged in the Complaint, that "should this civil proceeding be removed to the District Court of the United States, subject matter jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4) for alleged ADA violations." See, **Exhibit 1** at p. 7 ¶ 9 (English translation ours).

Case 3:21-cv-01225-JAG   Document 1   Filed 05/14/21   Page 4 of 7

**Notice of Removal**
Zoraida De Jesús Rivera v. The New 5-7-9 and Beyond, Inc., Fulanos de Tal 1-100
Civil No. 21-1225
Page 4 of 7

Consequently, from the face of the Complaint, this Court has original jurisdiction over the allegations and subject matter of the instant case, as they arise from the laws of the United States.  See, 28 U.S.C. § 1331; 28 U.S.C. §1441(a).  Therefore, removal is proper here.

### B.     This Court has Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(a).

Federal district courts may also hear cases where there is complete diversity of citizenship between the parties.  Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 584 (2005).  Thus, federal courts have subject matter jurisdiction over cases where the parties are "citizens of different States" and in which the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a)(1).

Complete diversity exists when plaintiff and defendant are citizens of a different state. Díaz-Rodríguez v. Pep Boys Corp., 410 F. 3d 56, 58 (1st Cir. 2005); Gabriel v. Preble, 396 F. 3d 10, 13 (1st Cir. 2005).  "For purposes of diversity, a [natural] person is a citizen of the state in which he is domiciled."  Padilla-Mangual v. Pavía Hospital, 516 F. 3d 29, 31 (1st Cir. 2008). Whereas, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  However, a corporation's presence in the state of plaintiff's residence, without more, *is insufficient* to defeat diversity jurisdiction.  See, e.g., Hernández v. Amgen Mfg. Ltd., 979 F. Supp. 2d 239, 242 (D.P.R. 2013) (emphasis added).  That is to say, a corporation is "not deemed a citizen of every State in which it conducts business."  Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006).

In actions where jurisdiction is based on diversity of citizenship, a jurisdictional amount of [more than $75,000.00] is required.  28 U.S.C. § 1332; Serrano v. Nicholson Nursery, Inc., 844 F. Supp. 73, 75 (D.P.R. 1994); Soprema, Inc. v. Workers Corp., 485 F. Supp. 2d 1, 3 (D.P.R.

Case 3:21-cv-01225-JAG   Document 1   Filed 05/14/21   Page 5 of 7

Notice of Removal
Zoraida De Jesús Rivera v. The New 5-7-9 and Beyond, Inc., Fulanos de Tal 1-100
Civil No. 21-1225
Page 5 of 7

2007) ("Diversity jurisdiction is limited to cases where the amount in controversy, exclusive of interest and costs, exceeds $75,000").

In the captioned case, Mrs. De Jesús is a citizen of Puerto Rico, since she resides in Bayamón, Puerto Rico. See, **Exhibit 1** at p. 15 ¶ 3. Whereas, The New 5-7-9 is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 1000 Pennsylvania Ave., Brooklyn, NY 11207. The New 5-7-9 is authorized to do business in Puerto Rico.[4] Hence, the citizenship of The New 5-7-9 is the State of New York because of its incorporation and its principal place of business. Given that Mrs. De Jesús is a citizen of Puerto Rico and that The New 5-7-9 was incorporated in the State of New York and its principal place of business (which is the "nerve center") is also in the State of New York, complete diversity exists between the parties.

With respect to the jurisdictional amount, in the Complaint, Mrs. De Jesús requests "nominal damages" in the amount of one dollar ($1.00) for violation of the ADA and the Rehabilitation Act, and "compensatory damages" under the Rehabilitation Act in an amount of no less than $100,000.00. See, **Exhibit 1** at ¶¶ 50-52 and prayer for relief items (D) and (E) (p. 36). Therefore, the amount in controversy alleged in the Complaint (exclusive of interests and costs) exceeds the jurisdictional amount of $75,000.00.

Consequently, this Court also has subject matter jurisdiction over the Complaint because complete diversity exists, and the alleged amount-in-controversy satisfies 28 U.S.C. §1332.

---

[4] Pursuant to Fed. R. Evid. 201(b)(2), this Court can take judicial knowledge that, per the records of the Puerto Rico State Department, "The New 5-7-9 and Beyond, Inc.," with registry number 10,993-F, is a corporation organized under the laws of New York and authorized to do business in Puerto Rico since June 15, 1999 at 4:30 p.m.

Case 3:21-cv-01225-JAG   Document 1   Filed 05/14/21   Page 6 of 7

**Notice of Removal**
Zoraida De Jesús Rivera v. The New 5-7-9 and Beyond, Inc., Fulanos de Tal 1-100
Civil No. 21-1225
Page 6 of 7

### C.   This Notice of Removal is Timely and Properly Before the Court.

As indicated, under 28 U.S.C. § 1446(a), the notice shall be accompanied by "a copy of all process, pleadings, and orders served upon" the removing defendant. The New 5-7-9 has complied with such requirement since it is attaching to the instant Notice of Removal the served Complaint and Summons. See, **Exhibits 1** and **2**, respectively.

Moreover, pursuant to 28 U.S.C. § 1446(b), the notice of removal must be filed with this Court within thirty (30) days of service. The New 5-7-9 was purportedly served on April 14, 2021. See, **Exhibit 2**. As such, the 30-day term to move for removal expires on *May 14, 2021*. Therefore, the instant Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint and Summons.

Pursuant to 28 U.S.C. § 1446(a) and Fed. R. Civ. P. 11, the undesigned attorneys for The New 5-7-9 hereby certify that this action is timely and properly removed to this Court pursuant to 28 U.S.C. §1441(a).

Lastly, pursuant to 28 U.S.C. § 1446(d), The New 5-7-9 will promptly file an Informative Motion, with a copy of the docketed Notice of Removal, in the State Court Action. In addition, The New 5-7-9 will promptly notify Mrs. De Jesús' counsel of the instant Notice of Removal. The New 5-7-9 will notify this Court of its compliance with such notice requirement.

**WHEREFORE**, defendant The New 5-7-9 respectfully requests that this Honorable Court allow the instant Notice of Removal and, consequently, order this case to proceed as an action properly removed pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441 and 1446.

**WE HEREBY CERTIFY** that on this date, a true and exact docketed copy of this Notice of Removal (with its exhibits) will be notified, by certified mail with return receipt requested and by electronic mail, to Mrs. De Jesús' counsel, José Carlos Vélez-Colón, Esq., 421

**Notice of Removal**
Zoraida De Jesús Rivera v. The New 5-7-9 and Beyond, Inc., Fulanos de Tal 1-100
Civil No. 21-1225
Page 7 of 7

Muñoz Rivera Ave. #205, San Juan, PR 00918; jvelez@velezlawgroup.com. In addition, a true and exact docketed copy of this Notice of Removal (with its exhibits) will be electronically filed in the State Court Action through the Unified System of Management and Administration of Cases ("Sistema Unificado de Manejo y Administración de Casos" or "SUMAC").

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 14th day of May, 2021.

*Counsel for The New 5-7-9 and Beyond, Inc.:*

**Ferraiuoli LLC**
PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ María Judith Marchand-Sánchez*
**María Judith Marchand-Sánchez**
USDC-PR 206602
Email: nmarchand@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
**Jaime A. Torrens-Dávila**
USDC-PR 223810
Email: jtorrens@ferraiuoli.com